**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lori Ann Duffy,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>　　　　Defendant. | No. CV-23-01838-PHX-JJT<br><br>**ORDER** |

At issue is Plaintiff Lori Ann Duffy's Motion to Alter or Amend Judgment Under Fed. R. Civ. P. 59(e) (Doc. 15). Upon the Court's Order (Doc. 17), Defendant Commissioner of Social Security Administration filed a Response (Doc. 18), and Plaintiff filed a Reply (Doc. 19).

**I.    BACKGROUND**

Plaintiff claims she is disabled under the Social Security Act because she is impaired by fibromyalgia, psoriatic arthritis, osteopenia, and degenerative disc disease, and she filed a claim for disability insurance benefits with the Social Security Administration (SSA) on October 1, 2015, alleging disability beginning January 7, 2015 (as amended). MaryAnn Lunderman, an Administrative Law Judge (ALJ) in New Mexico, held a video hearing with Plaintiff, who was located in Oregon, as well as Plaintiff's counsel and a Vocational Expert (VE). After considering Plaintiff's testimony and the submitted evidence, ALJ Lunderman denied Plaintiff's claim on May 2, 2018, and that decision was affirmed by the Appeals Council on February 13, 2019. The District Court for the District

of Oregon affirmed the SSA's decision on April 23, 2020. (Docs. 8–9, Admin. Record (R.) at 950–62, Dist. Or. Order, Case No. 6:19-cv-00519-MC, Doc. 19.) While the case was pending on appeal, Plaintiff raised an Appointments Clause challenge to the manner in which ALJ Lunderman was appointed, and the Ninth Circuit Court of Appeals entered an order of vacatur on August 4, 2021, remanding the case to the District Court "with instructions to remand to the agency for further proceedings, including a new hearing before a different administrative law judge." (R. at 948–49, Ninth Circuit decision; R. at 965.)

On remand to the SSA, the case was assigned to ALJ Robert Frank Spaulding, and he held a telephonic hearing to consider Plaintiff's claim on September 8, 2022, with Plaintiff, her counsel, and VE Hanoch Livneh. "[D]ue to technical issues, vocational expert testimony could not be taken, and post-hearing interrogatories were sent out." (R. at 861.) ALJ Spaulding denied Plaintiff's claim on May 19, 2023, and that decision was affirmed by the Appeals Council.

Plaintiff filed the present case on August 31, 2023, to appeal ALJ Spaulding's denial of her claim. (Doc. 1.) In his Response Brief (Doc. 11), the SSA Commissioner moved to remand this case for further proceedings because Plaintiff "did not have the opportunity to fully propose additional interrogatories to the vocational expert" (Doc. 11 at 5) such that the record was not fully developed. Although Plaintiff maintained her position that this case should be remanded for a calculation and payment of benefits, the Court granted the Commissioner's motion and remanded for further proceedings, entering a judgment stating the same. (Docs. 13, 14.) Plaintiff has now filed a Rule 59(e) motion to alter the Court's judgment.

## II.   LEGAL STANDARD

Rule 59(e) enables the Court to amend a judgment. "Amending a judgment after its entry remains 'an extraordinary remedy which should be used sparingly.'" *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999)). Further, "[s]ince specific grounds for a motion to amend

or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion." *Id.* Nonetheless, the Ninth Circuit defined several grounds which a Rule 59(e) motion may be granted:

> (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law.

*Id.*

### III.   ANALYSIS

In her Motion, Plaintiff argues that the Court should amend its judgment to remand for a calculation and payment of benefits because the Court's decision was based on an error of fact: Plaintiff did in fact have the opportunity to fully propose interrogatories to ALJ Spaulding for presentation to VE Livneh, but ALJ Spaulding repeatedly declined to pose Plaintiff's first interrogatory requesting that VE Livneh cite the evidence, including the specific duties noted in the record, upon which he relied to conclude that Plaintiff had work duties consistent with the job of office manager. (Mot. at 2–4.) Plaintiff contends that remand for further proceedings is thus not necessary. She argues that ALJ Spaulding erred in considering the medical evidence and her testimony, and, properly credited, the record leaves no serious doubt that Plaintiff is disabled, including by considering VE Livneh's testimony as given. (Doc. 10 at 8–23; Mot. at 6–7.)

For his part, the Commissioner states that the fact that ALJ Spaulding did not consider Plaintiff's first interrogatory—whether intentional or inadvertent—still requires remand to complete the record as to "the contours of Plaintiff's past relevant work." (Resp. at 4–5.) In her Reply, Plaintiff argues that, because ALJ Spaulding intentionally left out Plaintiff's interrogatory in the first instance, the ALJ should not be given a "mulligan" to ask it and take VE Livneh's answer into account now. (Reply at 9–10.)

This case requires remand for a different reason, one that Plaintiff set forth in her Opening Brief: ALJ Spaulding's decision is tainted by its reliance on ALJ Lunderman's decision—the "pre-ratification" decision. (Doc. 10 at 23–25.) In the present motion

practice, Plaintiff is asking the Court to consider, and in part reject, ALJ Spaulding's findings and conclusions. But ALJ Spaulding begins his decision denying Plaintiff's request for disability benefits by stating:

> Pursuant to the District Court remand order, Appeals Council has directed me to issue another decision only because there was an objection to the prior administrative law judge under the appointments clause and thus the prior decision was vacated. However, it is important to note that the District Court completed a full analysis of the case in determining the Commissioner's prior decision was based upon proper legal standards and supported by substantial evidence. The prior decision was affirmed.

(R. at 861.) ALJ Spaulding then recites with approval and in detail the District Court's review of ALJ Lunderman's opinion. (R. at 861–62.)

Such explicit reliance on the pre-ratification decision (and the District Court's review thereof) rendered the remand for a new hearing before a different ALJ a nullity. While it may seem like a technicality, and while the temptation may be great to rely on someone else's prior work on the same case, in this instance the prior ALJ's decision was void for a constitutional violation under the Appointments Clause. The Court agrees with Plaintiff's argument in her Opening Brief (Doc. 10 at 24–25) that, on remand, she was entitled to an independent decision by another ALJ, and ALJ Spaulding's decision is tainted by its reliance on the pre-ratification decision of ALJ Lunderman. *Lucia v. Sec. Exchange Comm'n*, 585 U.S. 237, 251 & n.5 (2018) (where the ALJ was unconstitutionally selected, "the structural purposes of the Appointments Clause" are offended and the claimant is entitled to "a new hearing" before a "properly appointed official," not the original ALJ); *Cody v. Kijakazi*, 48 F.4th 956, 962 (9th Cir. 2022) (where the SSA held a hearing for a disability claimant with an unconstitutionally seated ALJ, the claimant is entitled to a "fresh look" by "a new, independent ALJ"). Accordingly, the Court agrees with Plaintiff that it is necessary to remand this case "and order it assigned to an ALJ who should be precluded from reviewing or relying on either the 2018 decision or the 2023 decision, and this ALJ should be instructed to adjudicate [Plaintiff's] case *de novo*." (Doc. 10 at 25.)

1. Other District Courts in the Ninth Circuit have concluded the same in similar circumstances. For example, in another case regarding an Appointments Clause violation in this District, Judge Rosemary Marquez concluded that, "[p]ursuant to binding precedent in *Lucia* and *Cody*, Plaintiff is entitled to an independent decision issued by a different ALJ, to determine whether a non-disability finding is appropriate without relying on the [prior] decision," so the Commissioner must "assign the case to a different and properly appointed ALJ" to "adjudicate Plaintiff's case *de novo*." *Noriega v. Comm'r of Soc. Sec. Admin.*, 657 F. Supp. 3d 1219, 1227 (D. Ariz. 2023); *see also Mygual v. Kijakazi*, No. CV 22-7835-KK, 2023 Dist. LEXIS 208077, at *12 (C.D. Cal. Nov. 17, 2023) (same); *Jennifer H. v. Comm'r of Soc. Sec. Admin.*, No. 2-22-CV-1845-DWC, 2023 WL 6571418, at *2 (W.D. Wash. Oct. 10, 2023) (noting that "[i]f a new ALJ could rely entirely on—or even give deference to—the prior ALJ's analysis, afflicted claimants would not get the [relief] *Cody* purported to give them"). Likewise, this Court cannot ignore the defect in the ALJ's decision by way of its explicit reliance on the pre-ratification decision.

**IT IS THEREFORE ORDERED** granting in part and denying in part Plaintiff's Motion to Alter or Amend Judgment Under Fed. R. Civ. P. 59(e) (Doc. 15).

**IT IS FURTHER ORDERED** directing the Clerk of Court to amend the judgment to state that this case is remanded to the Social Security Administration for *de novo* consideration by another administrative law judge, consistent with this Order, and the administrative law judge shall not rely on findings or conclusions made by the prior administrative law judges who considered this case.

Dated this 27th day of May, 2025.

Honorable John J. Tuchi
United States District Judge